Battle,,J.
The fiat for an injunction in this case was made by me in vacation. The application for it was presented under snch circumstances, as to allow me no time for an examination of the authorities bearing upon the questions involved, and very'little opportunity for reflection. Having now bad the aid of an argument and of a, conference with my brethren, I have,-after mature consideration, come to the conclusion with them, that the order was improvidently granted, and that the demurrer must be sustained, and the bill dismissed.
It is necessary for us-to notice only one or two of the questions raised by the pleadings, as they are sufficient to dispose of the ease.
The defendant Manning, appointed a receiver under an act of the.Provisional Congress of the Confederate States, entitled “ an Act for the Sequestration óf the estates,- property and effects sf alien enemies, and for an indemnity of *63 •the pitizens of the Confederate States, and persons aiding the same in the existing war with the United States,, (see acts of the third, session of the Provisional Congress, No. 269,) was only an officer of the law, and was as such, improperly made a party defendant; and as to him, the bill must therefore, be dismissed with costs. Edney vs. King, 4 Ired. Eq. 465. Lackay vs. Curtis, 6 Ired. Eq. 199.
As to the other defendants,'Mallett and Brown, if the Court cóffid entertain 'jurisdiction"at all to restrain them from acting under the orders from the Confederate Court, it must be on the ground of fraud practiced,by'these defendants in obtaining the orders. Now, in this case no such fraud is positively and distinctly charged in the bill. In one place it is said that one of the defendants — whether Mallett, Brown, or Manning, is not stated — was a secret iniormer, but whether the information given was true or false, is not alleged. In another part of the bill it is charged that “the defendants Brown'and Mallett, have, from the first court held in November 1881‘until the la3t held in November 1862, been’unceasing in their efforts to have him (the plaintiff’s intestate) removed without cause, and solely with the view of being put. into the management themselves.’' These are rather insinuations of fraud tiran positive and distinct charges of it, and when ■ taken m connection'with the fact, that the relief sought is not put upon the ground of fraud, but upon ^ther and different grounds, the court can, not make that the basis of a decree for relief, when there are no other elements of equity. See Witherspoon vs. Carmichael, 6 Ired. Eq. 143.
This court lias no jurisdiction to review the proceedings of the Confederate .Court; and without deciding whether it might not restrain parties from' availing themselves of its orders or 'decrees when obtained by ffaud positively *64 charged and proved or admitted, it will not interfere in the absence of such allegations. The demurrer must be sustained, and the bill dismissed with costs as to these defendants also.